## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                    No. CR 10-2013 JB

SAMUEL MESA-ESCOBEDO,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 15, 2009 (Doc. 17).  The primary issue is whether the Court should impose a sentence of 27 months.  Because the sentence is at the low end of the guideline range, because the sentence reflects fully and effectively all of the factors set forth in 18 U.S.C. § 3553(a), and because both parties agree to the sentence, the Court sentences Defendant Samuel Mesa-Escobedo to 27 months in the custody of the Bureau of Prisons.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Mesa-Escobedo on August  9, 2010.  In the PSR, the USPO calculated Mesa-Escobedo's offense level to be 13 and his criminal history category to be V, establishing a guideline imprisonment range of 30 to 37 months.  There being no other objections to the PSR, the Court adopts the USPO's guideline calculations in the addendum to the PSR as its own.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney

for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs. See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. An offense level of 12 and a criminal history category of V establishes a guideline imprisonment range of 27 to 33 months. Mesa-Escobedo requests a sentence at the low end of the range of 27 months. The United States recommends a sentence of 27 months.

Mesa-Escobedo illegally reentered the United States after a felony conviction for burglary of business. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted, the punishment that is set forth in the guidelines is appropriate for this sort of offense. The Court finds that a sentence of 27 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Mesa-Escobedo's criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 27 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the

Sentencing Reform Act.

Mesa-Escobedo is committed to the custody of the Bureau of Prisons for a term of 27 months and is placed on supervised release for a term of three years.  Said term shall be unsupervised with the standard conditions of supervised release and the mandatory conditions of supervised release and the following special condition: the defendant shall not reenter the United States without legal authorization.  The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.

Based on the Mesa-Escobedo's lack of financial resources the Court will not impose a fine. The Court will order Mesa-Escobedo to pay a special assessment of $100.00, which is due immediately.  The Court will also recommend that the Mesa-Escobedo be incarcerated in Butner, North Carolina.

**IT IS ORDERED** that Defendant Samuel Mesa-Escobedo is sentenced to 27 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
    United States Attorney
Norman Cairns
    Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

James Baiamonte
Albuquerque, New Mexico

   *Attorney for the Defendant*

-3-